UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ANTHONY BROOKS,<br>Plaintiff,<br>v.<br>CHARLES EDWARDS BROOKS,<br>Defendant. | Case No. 16-CV-02291 BLF (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner at San Quentin State Prison ("SQSP"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against Defendant Charles Edwards Brooks. Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate order.

## DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff seeks redress for the loss of winning lottery tickets which he mailed to Washington D.C. (Compl. at 3, Attach. at 3-4.) He names Charles Edwards Brooks as Defendant. (*Id.* at 2.)

Plaintiff has filed a previous action against the same Defendant under *Brooks v. Brooks*, Case No. 14-03838 DMR, which was dismissed on November 4, 2014, for failure to prosecute. (Compl. at 1.) In that case, Plaintiff claimed "fraud[,[ identify theft, requesting to file[] a lawsuit against family for racketeering, theft[,] bankruptcy, bank fraud," and also sought assistance in obtaining lottery tickets which he mailed to Washington D.C. *Brooks v. Brooks*, Case No. 14-03838 DMR, (ECF No. 1 at 3). The Court also notes that Plaintiff thereafter filed two additional civil actions against the same Defendant seeking the same relief. *See Brooks v. Brooks*, Case No. 15-05237 HRL (PR); *Brooks v. Brooks*, Case No. 16-01174 BLF (PR).

Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey*, 846 F.2d at 1021. An *in forma pauperis* complaint repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, therefore is subject to dismissal as duplicative.

2

*Bailey*, 846 F.2d at 1021; *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975).

Plaintiff is seeking leave to proceed *in forma pauperis*, as he has in the three actions discussed above. This is now Plaintiff's fourth *in forma pauperis* action filed against the same Defendant in which he repeats the same claims. It is therefore subject to dismissal under § 1915 as abusive. *See Cato*, 70 F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED as duplicative and abusive. *See* 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

Dated: July 15, 2016

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.16\02291Brooks_dism(dup)

3